JOHN S. BUCKLES

*v.*

SAMUEL W. HARLAN.

PLEA IN ABATEMENT—*its requisites.* A plea in abatement that another action for the same cause was pending in the same court, began by praying judgment of the writ and declaration, and ended with a prayer for judgment of the writ only, and that the same be quashed: *Held,* on demurrer, the prayer for judgment of the writ only, in the conclusion, was sufficient, and the prayer for judgment of the declaration, in the commencement, was regarded as surplusage, which could not vitiate the plea; so there was no want of proper "correspondence" between the commencement of the plea and its conclusion.

APPEAL from the Circuit Court of Henry county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

The opinion states the case.

Messrs. CRAWFORD & BECK and Messrs. BUCKLES & WELLS, for the appellant.

Messrs. SHAW & CRAWFORD, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, in the Henry circuit court, brought by Samuel W. Harlan, for the use of Martin R. Harlan, against John S. Buckles, on a promissory note. The defendant pleaded in abatement another action for the same cause, pending in the same court. The plea begins by praying judgment of the writ and declaration, and ends with a prayer for judgment of the writ only, and that the same may be quashed.

The court sustained a special demurrer to this plea, and gave judgment against the defendant for the amount of the note and interest.

To reverse this judgment, the defendant appeals.

The objection taken to the plea in abatement, is, that there is no "correspondence" between the commencement of the plea and its conclusion; that while, in the commencement, judgment is prayed of the writ and declaration, in the conclusion it is prayed of the writ only.

Though pleas in abatement, being usually of a dilatory character, are, therefore not favored, the one in question is not precisely of that character. The injustice of entertaining two suits against the same party, at the same time, for the same cause of action, is so glaring as to give to pleas setting up such facts a more favorable position in courts, than one merely dilatory; still such a plea must not, in its frame, omit any of the essential requirements of the law.

It is not questioned that the concluding prayer of the plea, that the writ be quashed, is proper and in conformity with the rules, and with established precedents. The declaration being but an expansion of the writ, should the latter fall, the declaration would also fall. In this view, we can not see how the prayer in the commencement of the plea, of judgment of the declaration, should vitiate. It is mere surplusage, and surplusage does not vitiate any pleading.

We think the prayer for judgment of the writ, in the conclusion of the plea, was all that was necessary. Quashing the writ was all that was sought by the plea, and that would have followed had the plea been adjudged good.

The judgment of the court sustaining the demurrer must be reversed and the cause remanded.

*Judgment reversed.*